Court of Appeals Cause No. 03-15-00470-CR

RECEIVED
NOV 3 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

FILED
November 30, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

PATRICK HEANEY - Appellant

V.

THE STATE OF TEXAS - Appellee

## MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now, Patrick Heaney, TDCJ No. 1987843, And moves the Court to find jurisdiction on Appellant's Appeal due to the fact that under Vernons. Ann Tex. Code of. Crim. Proc. Art. § 44.02 The Appellant filed written pre-trial pro se motions which were ruled on before trial. Appellant has requested to This Court, The trial Judge, And The trial Court clerk Tex. R. App. P. 34.5 c) 1) supplementation that these items Are Relevant And omitted items need to be part of appellant Record for They Are the basis of Appellant's Appeal. Appellant also has plain Error grounds seriously affecting substantial Rights that Are so Prejudicial As to undermine The fundamental fairness of The Criminal proceedings And bring About a miscarriage of justice. Unites States V. Polowichak 783 F.2d. 410, 416 (4ᵉ Cir. 1986). Appellant would show in support The following; Pursuant to Tex. R. App. P. 49.1 :

### I.

Appellant has Raised The following grounds for his appeal: The 1st and second ground by motion, pre trial, filed in the 403rd District Court in the fall of 2014. The 3rd, 4th, and 5th (abc) grounds Are plain Error grounds. ① Denial of Right to self-representation, which is part of The trial court's Record. Appellant filed Motion to Dismiss Court Appointed Counsel on 10-28-14 And Also wrote Judge Brenda Kennedy a letter Requesting Faretta Warnings. During interrogation, [voluntary on 'factually Related' Charge DIDC-14-301810), After arrest on cause on Appeal Appellant signed waiver of counsel, And through every step in the Criminal Process he Requested And was denied Pro se Representation. The 403rd District Court forced Bradley Urrutia, Attorney at law, upon Appellant And stated pro se Representation was not allowed in Judge Brenda Kennedy's court. Under Tex. R. App. P. 44.2 a) is a Constitutional Error which contributed to the conviction And punishment. Exhibits A & B & C

1 of 8

② Appellant filed written pro se, pre-trial, <u>Motion to Grant ACCESS TO COURTS (Law Library)</u> in November 2014 and was denied by the Courts, the Travis County Correctional Facility, And by attorney Bradley URRutia which caused Appellant harm in defending Above styled and numbered cause which appellant is Appealing. <u>Bowes v. Smith</u>, Exhibit D

③ <u>Illegal Search</u>, Probable Cause issue on 'factually related' and dismissed cause No. <u>DIDC·14·301810</u> led to illegal arrest and illegal search of appellant that did not affect the jurisdiction to try him, but Appellant maintains that the evidence obtained As the product of the exploitation of an illegal arrest should have been inadmissible in a criminal proceeding Against Appellant. <u>Mapp v. Ohio</u> 81 S.Ct. 1684 (1961) <u>Terry v. Ohio</u> 392 U.S. 1, 88 S.Ct. 1868 (1968) Every Arrest and every seizure having the essential Attributes of a formal Arrest is unReasonable unless it is supported by Probable Cause <u>Aguilar v. TEXAS</u> 378 U.S. 108 (1964)

④ <u>involuntary plea</u> - Appellant contends that he is Actually and factually innocent of all the charges and that his plea of guilty was an involuntary plea and not within his best interest. When something goes AWRY in the process by which a defendant is convicted, for Example, "When a complainant makes false charges And the error occurs within the judicial system though it happened through no fault of the convicting court or the parties, it is Appropriate for the judicial system to correct the error." <u>Ex. Parte Tuley</u> 109 S.W. 3d. 388.

Appellant filed pretrial motions in order to properly preserve error for Appellate review, if this Court finds that he has NOT properly preserved error, then his plea was not knowingly And intelligently entered. The 403rd District Court would not Recognize Appellant's motions, oral Requests or letters And Appellant's Attorney did not communicate with Appellant no matter how hard or which Avenue he tried to gain communication. Therefore, Appellant entered his plea fully Expecting Appellate Review And filed Timely <u>Notice of Appeal</u> within 30 days of plea. <u>Shelby v. State</u> 888 S.W. 2d. 231, 234, 235.

Appellant's appeal will further provide a clear view of innocence And miscarriage of justice and by denying a Rehearing and granting Appellant relief This Court has dictated an unfortunate formal for the future. A guilty plea that is later consigned into oblivion versus a Recantation forced, false or questionable equals freedom.

③ **Ineffective Assistance of Counsel**, pursuant to **Strickland v. Washington**, 466 U.S. 688 (1984) Appellant would show:

THAT COUNSELS REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS :

a) Absolutely NO COMMUNICATION.
- Actual denial of assistance which results in prejudice.
- disregarded letters and phone calls.
- Attorney's Reckless disregard for the Truth by falsely stating to The State Bar of TEXAS, Attorney/Client Assistance Program, that Bradley Urrutia has written appellant and restored communication when in fact he did not.
- denial of Appellant's Request for :
      MOTIONS (suppress evidence)
      CASE LAW and Legal Research
      Help in obtaining Compulsory witnesses
- lack of investigation
- Refusal to Assist in building defense... which caused
- Appellant hindered by attorney's deficiencies concerning:
      - testing of evidence
      - sufficiency of Evidence
      - Admissibility of Evidence
      - illegal search
      - Probable Cause to ARRest

b) A Reasonable probability exists that but for counsel's unprofessional errors, The result of The proceedings would have been different.
- pursuant to **Lockhart v. Fretwell** 506.U.S. 364 that not only would a different trial result be probable because Attorney performance was NON-EXISTANT And fundamentally unfair.
- Attorney ERRONeously advised client on a clear point of law. **Beasley v. U.S.** 491 F.2d 687 (1974). (Good faith exception, sentencing guide)
- Attorney provided no actual 'assistance' for Appellant's defense **Robinson v. State** 16 S.W. 3d. 808 involving The intricacies of The law As Requested by his client... he only negotiated with the prosecutor.
- Bradley Urrutia violated Appellant's Constitutional Guarantee of effective Assistance of counsel. USCA. 6
- Attorney was Aware of Clients desire to Dismiss his Representation, Demanded Attorney to withdraw or hold hearing **Boyd v State** 683 SW. 2d. 522. Attorney denied Appellant to proceed pro se

3 of 8

5A) <u>Illegal Sentence</u> Appellant was convicted of 2nd degree possession of a controlled substance, which pursuant to <u>Tex. Health & safety Code Ann. § 481.115</u> (1991) by weight ranges between 4 to 200 gram

Logically a substance which contains a small percentage of methamphetamine also contains a large percent of adulterants & dilutants. <u>Tex. Health and Safety Code Ann § 481.002</u> Adulterants or dilutants contributed to weight is a qualitative Analysis. <u>Braggs v. State</u> 334.SW.2d 793 The adulterants or dilutants Removed Reduce the weight of drugs possessed. <u>Texas Constitution Art. 1 § 29</u> Adulterants or dilutants were Never made criminal in Nature. In fact, fall under 'drug paraphernalia' which is not 'illegal'.

Based on the record any Rational trier of fact could have found appellant with testing of the 'Bath Salts' pursuant to <u>Vernons ann. Tex Code of Criminal Procedure Art. 37.07</u> was guilty of a lesser included offense At Best. 1) it is established by proof of the same or less than all of the facts Required to establish the commission of the offense charged. <u>White v. State</u> 867 S.W.2d. 921. In determining whether evidence in the record raises issue of lesser included offense, court must consider all of the evidence whether introduced by State or by defendant <u>Schweinke v. State</u> 893. SW.2d 708.

Appellant did not realize 'Bath Salts' purchased legally would test positive for methamphetamine. Therefore, would like the court of Appeals to Review District Court's legal determination in applying sentencing guidelines de novo.

Counsel was ineffective do to fact that Client persisted on independant testing due to 'Bath Salts' purchased by appellant tested positive for methamphetamine. Testing would have lessened sentencing guidelines.

5B) <u>Rehabilitation and Treatment</u> Appellant sought his attorney's Assistance in order to get the treatment that he most desparately sought. <u>Robinson v. California</u> 370 U.S. 660 (1962) recognized that Narcotic Addiction is an illness "of course it is generally conceded that a Addict particlurly one Addicted to the use of herion, is in a state of mental and physical illness. So is an alcoholic." Appellant contends that a meth. Addict also belongs in this statement. The court recognized that persons Addicted to narcotics "Are diseased and proper subjects for [ medical ] treatment." <u>Linder v. U.S.</u> 268 U.S. 5, 18 <u>WEST Digest FOOD & DRUG 95</u> A "state has broad power to regulate the narcotic Drug traffic within its borders." it may impose criminal Sanctions.... or may establish a program of compulsory treatment for those addicted to narcotics. Appellant maintains that years of imprisonment for the same offense (5 times) WITHOUT TREAT-

MENT borders on Cruel and Unusual punishment in violation of U.S.C.A. Amends 8 & 14. CRIMINAL LAW (KEY) § 7B WEST Digest nature of a crime whether punishment is Cruel or Unusual within the meaning of the 8 & 14 Amendments is a question which cannot be considered in the abstract by merely taking into consideration the length of imprisonment. The nature of the alleged crime also being important. Appellant's simple possession charges with almost 20 years imprisonment WITHOUT ANY TYPE OF TREATMENT. This Borders on Cruel and Unusal Punishment. Bradley Urrutia was ineffective in his Complete Failure in addressing Appellant's desire for treatment.

5c) Appellant is getting help through the State Bar of TEXAS in obtaining evidence Against Mr. Urrutia. He has been suspected of violation of Rule 1.15 (d) of the Rules of Professional Conduct. (Exhibit E enclosed) And Appellant's Main Ground is getting cause on Appeal overturned is based on false statements included in the affidavit by the affiant, and the false statements were necessary for the finding of Probable Cause which led to the Arrest warrant. There fore, the Warrant must be voided (and it was) and the fruits of the search Excluded to the same Extent as if probable cause was lacking on the face of the affidavit. The Appellant will show that by a preponderance of the evidence, Allegations, perjury or reckless disregard was set to one side and the Remaining content was insufficient to Establish Cause which Caused dismissal of The Agg. charges. There fore, the Possession cause on Appeal must also be dismissed for that evidence is derivative evidence and inadmissible. I did everything in my Power to persuade Mr. Urrutia to attack this cause and he absolutely refused. FRANKS v. DELAWARE 438 U.S. 154. In 'factually related' cause no. DIDC. 14-301810 "There is no question of the reliability And credibility of the informant as not being established" U.S. v. LEON 468 U.S. 897.

Appellant would show that the search and seizure was unreasonable. And such search and seizure is Expressly prohibited by the 4th, 5th, 6th and 14th Amendments to the Constitution of the United States and that admission

of such matter in evidence will violate said Constitutional Provisions and Art. 38.22 and Art. 38.23 of the Code of Criminal Procedure of Texas. Pursuant to U.S. v. Sibley 448 F.3d. 754 (2006) Arrest Warrant was without Probable Cause because the warrant was based on unreliable information (cause No. DIDC 14-301-810) and the affidavit supporting the warrant failed to include details concerning the source of the information. Appellant contends that the officers could not have relied on the Arrest warrant in Good Faith because the affidavit submitted in support of the warrant was misleading and deliberately or recklessly omitted material information that would have negated probable cause. Appellant holds that the District Court's determination of the reasonableness of A law enforcement's reliance upon a warrant issued by a magistrate for purpose of determining the applicability of the good faith Exception to the exclusionary rule should be reviewed de novo. If possible, appellant would like a hearing held and his Motion to Suppress ruled on. Exhibit F

## II.

When reviewing de novo a trial court's ruling on a challenge of its jurisdiction, the Court of Appeals considers the appellant's pleadings and factual assertions as well as any evidence in the record that is relevant to the jurisdictional issue City of Elsa v. Gonzalez 325 S.W.3d. 622. On Appeal the Court de novo review of illegal search, probable cause & Franks' claim, to determine whether the trial court erred in applying the law to facts.

## III.

Pursuant to Shelby v. State 888 S.W. 2d. 231, 234-35 Appellant entered his plea knowingly and intelligently fully Expecting to obtain appellate review of his pro se pre-trial motions. The Record indicates that Appellant entered his plea pursuant to a plea bargain, with the prosecutor and filed a timely notice of Appeal that complied with the Requirements of Tex. R. App. P. 41 (b). By working out a plea bargain with the State, Appellant secured his Right to Appeal the pre-trial rulings on the Motion to Dismiss Court Appointed Counsel & Motion to Grant Access to Courts (Law Library) Vernons. Ann Texas Code of Criminal Procedure Art. 26.13 (a)(3).

## IV.

Legal Conclusions of the law are always Reviewable on appeal Pulido v. Dennis (1994). 888 S.W. 2d. 518, 520. Trial Court findings on The law are given no particular difference. Rather, as the final arbiter of the law, the appellate court has the power and the duty to independently evaluate the legal determinations of the trial court. West's Digest Appeal and Error (KEY) 842 (2).

## V.

Appellant has not recieved any coorespondance whatsoever with the trial Court Judge, The trial Court clerk, or the Court appointed attorney. The only coorespondance appellant has recieved has been through this Court, The State Bar of Texas, and The 403rd Court reporter. Appellant asks this Court to have the court clerk provide supplemental items requested pursuant to Tex. R. App. P. 34.5(d)(1) see letter to Court Clerk, within 30 days of appeal being granted exhibit G

## VI.

WHEREFORE, PREMISE CONSIDERED, Appellant prays that This Court finds jurisdiction is subject matter of case pending appeal and to prevent appeal from becoming MOOT. Appellant moves the Court to Grant Appellant's Right to Appeal and This Motion for Rehearing. He also asks The trial Court Clerk to transcribe The supplemental record Appellant seeks to establish foregoing grounds in order to perfect appeal.

## CERTIFICATE OF SERVICE

I hereby certify that on this The 19 day of November, 2015, a TRUE and CORRECT copy of The above and foregoing Motion for REHEARING was forwarded to The office of The TRAVIS COUNTY DISTRICT ATTORNEY, P.O. Box 1748, Austin, Tx. 78767.

_____
Appellant pro se

## UNSWORN DECLARATION

I, Patrick Heaney, TDCJ No. 1987843 being presently incarcerated in The T.DC.J. at the Dominguez Unit in BEXAR County, Texas verify and declare under penalty of perjury that The foregoing is TRUE and CORRECT. Executed on this 19th day of November in the year 2015

_____
Declarant

7 of 8

## ORDER

On this the ___ day of ____ 2015, came on to be heard Appellant's Motion for Rehearing And said motion is hereby:

___ GRANTED        /        ___ DENIED

Signed on this the ___ day of ____ 2015.

_____
Justice Presiding

---

## ORDER

It is further ORDERED that the District Clerk prepare supplemental record as requested pursuant to Tex. R. App. P. 34.5(c)(1) And send a copy to This Court and to Appellant at: Patrick Heaney #1987843, Dominguez Unit. 6535 Cagnon Rd. San Antonio, Texas 78252.

___ GRANTED        /        ___ DENIED

Signed on this the ___ day of ____, 2015

_____
Justice Presiding

The State of Texas      §   In the 403rd Judicial

v.                 §   District Court

Patrick William Heaney      §   Travis County, Texas

Exhibit A

## MOTION TO DISMISS APPOINTED COUNSEL

TO THE HONORABLE JUDGE BRENDA KENNEDY:

COMES NOW, Patrick William Heaney, Defendant in the above styled and numbered cause and moves the Court to dismiss BRADLEY G. URRUTIA, as appointed attorney of Record for defendant, and in support of said motion would show the Court the following:

### I.

Defendant Requested to proceed pro se in the above cause and was appointed Bradley G. Urrutia, as attorney of Record on the 30th day of September, 2014. I was unable to speak with Judge Kennedy regarding this appointment; but was assured by her bailiff that Mr. Urrutia would be co-counsel.

1) Mr. Urrutia has NOT CONTACTED TRAVIS COUNTY CORRECTIONAL FACILITY as Requested, and informed them of my co-counsel status denying me access to courts.

2) I have written Mr. Urrutia letters of october 6th & 14th and recieved NO RESPONSE. Again denying me access to courts.

3.) I have called Mr. Urrutia 3-4 times every week since his Appointment; collect and by pre-paid call! and Mr. Urrutia fails to acknowelge my calls. Again denying Access to Courts.

4.) During one and only interview I stressed to Mr. Urrutia the urgency regarding key witnesses in my case, and FACE Book correspondence; in which I am in Jeopardy of losing. My DEFENSE is being harmed by this omission.

5.) Mr. Urrutia has failed to file the Appropriate and Requested pre-trial motions necessary to the Adequate and Reasonable defense to the charge(s) pending against Defendant herin.

1 of 4

6) Communication between Appointed counsel and Defendant does not exist. A complete failure has occured. Mr. Orrutia does not even return calls from Defendants' family.

## II.

DEFENDANT has lost faith in counsel and no longer trusts counsel's Advise

## III.

Strickland v. Washington Assures defendant of adequate counsel And defendant is being denied his constitutional Rights.

## IV.

Defendant is now being hindered by appointed counsel by not being Able to obtain legal Research.

## V.

That as a Result of the attitude of said counsel, there now exists an irreparable, Antagonistic relationship between Defendant And appointed counsel, and if Defendant is obliged to stand trial herein with the Representation of said counsel, he will be denied a fair trial, And moreover, will have ineffective Assistance of counsel and will be denied his basic constitutional Rights. Defendant Also will be denied due process And equal protection Under the law pursuant to the Fifth Sixth And Fourteenth Amendments to the Constitution of the United States, And Article 1, Sections 10, 19, and 29 of the TEXAS Constitution and Article 1.05 of the TEXAS Code of Criminal Procedures

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully moves the Court to dismiss BRADLEY G. URRUTIA As his Attorney of Record herein, And further request the Court to Allow Defendant to proceed Pro se. in This CAUSE

Respectfully Submitted,

_Rated William Heaney_
DEFENDANT

2 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on this the __28__ day of __October__, 2014, a true and correct copy of the above and foregoing Motion to Dismiss Appointed Counsel was forwarded to the office of the TRAVIS COUNTY DISTRICT ATTORNEY, P.O. BOX 1748, AUSTIN, TEXAS 78767

_____
Defendant

UNSWORN declaration
    TRUE & CORRECT                2-14

## ORDER SETTING HEARING DATE

It is ORDERED that the hearing on the __Motion to Dismiss Appointed Counsel__ is hereby set for _____ .M., on the _____ day of _____, 20___ in the Courtroom of the 403rd Judicial District, in Austin, TEXAS. ~~or By Phone Conference (2ro)~~

_____
Judge Presiding

3 of 4

## ORDER

On this the _____ day of _____, 2014 came on to be heard Defendant's MOTION TO DISMISS APPOINTED COUNSEL, and said MOTION is hereby:

    ( ) GRANTED        ( ) DENIED

Signed on this the _____ day of _____, 2014.

_____
Judge Presiding

## ORDER

It is further ORDERED that the Defendant proceed PRO SE, given Faretta warnings, in the above styled and numbered cause; and ORDER Travis County Correctional Facility to allow Defendant ACCESS TO COURTS and given Assistance with Legal Research.

    ( ) GRANTED        ( ) DENIED

### OR

It is ORDERED that Defendant be Appointed standby, or Co-Counsel, in the above styled and numbered cause; and ORDER Travis County Correctional Facility to allow Defendant ACCESS TO COURTS and given assistance with LEGAL RESEARCH.

    ( ) GRANTED        ( ) DENIED

_____
Judge Presiding

4 of 4

PATRICK HEANEY
c/o Travis County Correctional Facility
3614 Bill Price Rd.
Del Valley, TX. 78617

Exhibit-B

10-14-14

Dear Judge Kennedy

re: DIDC 14-301810%
DIDC 14-205206

I was before your court on September 30th 2014; with a Request to proceed Pro se in my Criminal cases; styled and numbered above.

I was appointed Bradley G. Urrutia without having any say in the matter. When I asked the Bailiff in your court about proceeding Pro se she said it was not allowed in your court and that Mr. Urrutia has been appointed Co-counsel.

I am currently incarcerated at The Travis County Correctional Facility at Del Valley, Tx; and Legal Research is denying me ACCESS TO COURTS directing me to contact my attorney for Legal Research information.

I try to contact my attorney via telephone — as The law states; and Mr. Urrutia does NOT answer my calls. Therefore, I NEED TO BE RECOGNIZE as Co-counsel or Pro se concerning my criminal case in your court. Either way, I still need you to administer Faretta Warnings. Which of I need. Access to courts.

I NEED ACCESS TO COURTS

Thank you for your time in this matter.

Sincerely,

Patrick Heaney

Filed in The District Court
of Travis County, Texas

OCT 14 2014
At 10:00 __ M.
Amalia Rodriguez-Mendoza, Clerk

Exhibit - C

I have received and understand the warning on the other side of this card. I agree to waive these rights and to make a statement.

Signature: _____ (Person Warned)

Date: 9·4·2014

Time: 1050 am

Officer: Narciso _____ WGS (Witness)

---

Yo he recibido y entiendo los derechos que están escritos en el otro lado de esta tarjeta. Yo deseo renunciar estos derechos y hacer una declaración.

Firma: _____ (Acusado)

Fecha: _____

Hora: _____

Oficial: _____ (Testigo)

---

## MIRANDA WARNING

1. You have the right to remain silent and not make any statement at all and that any statement you make may be used against you and probably will be used against you at your trial;

2. Any statement you make may be used as evidence against you in court;

3. You have the right to have a lawyer present to advise you prior to and during any questioning;

4. If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questioning;

5. You have the right to terminate this interview at any time.

## MIRANDA WARNING
### (SPANISH VERSION)

1. Tiene usted el derecho de permanecer en silencio y no hacer ninguna declaración. Cualquier declaración que usted haga puede ser usada en su contra y probablemente será usada en su contra en el juicio.

2. Cualquier declaración que usted haga puede ser usada como evidencia en su contra en el juzgado.

3. Tiene usted el derecho de tener un abogado presente para aconsejarle antes o durante de cualquier interrogatorio.

4. Si usted no puede contratar un abogado, tiene el derecho a que se le asigne un abogado para aconsejarle antes o durante de cualquier interrogatorio.

5. Tiene usted el derecho de terminar este interrogatorio en cualquier momento.

The State of Texas        § In the 403rd Judicial

v.                              § District Court

Patrick Heavey           § Travis County, Texas

*Exhibit·D*

## MOTION TO GRANT ACCESS TO COURTS (LAW LIBRARY)

### TO THE HONORABLE JUDGE BRENDA KENNEDY,

Comes now, Patrick Heavey, defendant in the above styled And numbered cause and moves the Court to allow defendant to conduct legal research in the above criminal matters at the TRAVIS COUNTY CORRECTIONAL FACILITY and in support of this motion would show the Court the following.

### I.

Defendant requested to proceed pro se in the above cause and was appointed Bradley Urrutia regardless of his protests. Although he was assured by the baliff in the 403rd District Court that he would be co-counsel. Defendant's co-counsel status is not recognized at this facility and due to counsel being forced upon him is being denied access to courts.

1) A defendant in A state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. In <u>Adams v. United States ex. rel. McCann</u>, 317 U.S. 275. It held that "the Constitution does not force a lawyer upon a defendant."

2) The <u>Sixth Amendment</u> to the Constitution of the United States does not provide merely that a ~~defendant~~ defense shall be made for the accused, but rather IT GRANTS TO THE ACCUSED PERSONALLY THE RIGHT TO MAKE HIS DEFENSE; it is the accused not counsel who must be confronted with witnesses against him, and who must be accorded compulsory process for obtaining witnesses in his favor.

3) The law library here states that since Bradley Urrutia has been appointed to my CASE I HAVE NO ACCESS to criminal cases. This denies me Due Process.

1 of 3

"neither The historic conception of Due Process nor the vitality it derives from progressive standards of justice denies a person THE RIGHT TO DEFEND HIMSELF or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant." Carter v. Illinois 329 U.S. 173, 174-175

4.) Mr. Bradley Urrutia was appointed without my approval on 9-30-14. Since that date I have tried to contact him numerous times by mail on 2 occasions, by phone numerous times, and I contacted The Client - Attorney assistance program (CAAP) to help obtain communication between Mr. Urrutia and I. On November 4th we were both sent letters by C.A.A.P. and still Mr. Urrutia has failed to respond to facilitate an effective resolution to the situation. I have done everything in my power to ACCESS THE COURTS. It has failed through my attorney.

5.) At the TRAVIS COUNTY CORRECTIONAL FACILITY I have written numerous grievances and requests in order to obtain Legal Research. My response to these requests and grievances state, "Our records show Bradley Urrutia is your attorney." Again denying me ACCESS TO COURTS.

## II.

Communication with The Courts does not exist. A complete failure has occurred. Defendant is in jeopardy of losing Key witnesses and correspondence, Also pre-trial motions are not being presented to the Courts as requested by The defendant.

## III.

Defendant is being denied his basic Constitutional Rights. Defendant is also being denied Due Process And Equal Protection under The law pursuant to the Fifth, Sixth, and Fourteenth Amendments to the Constitution of The United States; and Article I section 10, 19, and 29 of The Texas Constitution and Article 1.05 of the Texas Code of Criminal Procedure.

WHEREFORE PREMISES CONSIDERED, defendant respectfully moves the Court to GRANT ACCESS TO COURTS, LAW Library. And further Requests the LAW Library to Assist defendant with copies of his legal briefs, writs, or motions to the Courts and assistance with the subject matter upon Request.

---

## UNSWORN DECLARATION

I, Patrick Heaney, TDCJ no. 1987843 being presently incarcerated in the TEXAS Department of Criminal Justice at the Dominguez unit in BEXAR County TEXAS, verify and declare under penalty of perjury that the foregoing is is A True and Correct COPY OF THE MOTION I FILED IN THE 403rd DISTRICT COURT in NOVEMBER of 2014.

Executed on This ____ day of _____ in the year 2015

Patrick Heaney - declarant

---

This Motion also included the following:

> CERTIFICATE OF SERVICE - mailed to Travis County District Attorney

> ORDER SETTING HEARING DATE.

> ORDER

CHAIR
 DAVID N. KITNER

VICE CHAIR
 RAMON L. ECHEVARRIA II

MEMBERS
 ROBERT A. BLACK
 JEANNE C. "CEZY" COLLINS
 DAVID M. GONZÁLEZ
 WENDY ADELE HUMPHREY
 ROLAND K. JOHNSON
 KATHERINE A. KINSER
 JOHN J. "MIKE" McKETTA III
 MIKE MILLS
 DEBORAH PULLUM
 GEORGE A. TAYLOR

EXECUTIVE DIRECTOR & GENERAL COUNSEL
 CHRISTINE E. McKEEMAN

DEPUTY DIRECTOR/COUNSEL
 GAYLE RILEY VICKERS

EXECUTIVE ASSISTANT
 JACKIE L. TRUITT



# THE BOARD OF DISCIPLINARY APPEALS
### APPOINTED BY THE SUPREME COURT OF TEXAS

September 23, 2015

*Exhibit -E*

Patrick Heaney
#1987843
6535 Cagnon Rd.
San Antonio, TX 78252

RE: Disposition of Appeal Notice
Patrick Heaney v. Bradley Gene Urrutia
201504147; BODA Case No. 56585

Dear Mr. Heaney:

On September 23, 2015, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas considered your appeal from the dismissal of the above grievance by the Office of the Chief Disciplinary Counsel of the State Bar of Texas. After reviewing the grievance as filed with the State Bar Chief Disciplinary Counsel's office and no other information, the Board grants the appeal, finding that the grievance alleges a possible violation of the following Texas Disciplinary Rules of Professional Conduct:

Rules(s) 1.15 (d)

The Board of Disciplinary Appeals will now return the case to the Office of the Chief Disciplinary Counsel for investigation and a determination whether there is just cause to believe that the attorney has committed professional misconduct. The Office of the Chief Disciplinary Counsel will notify both parties of each step of the process, including asking the attorney to respond to the complaint. For information concerning the handling of the case from this point forward, please contact the regional Office of the Chief Disciplinary Counsel in charge of your case.

Information concerning the disciplinary system, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure are available at www.texasbar.com. The Board's Internal Procedural Rules are available at www.txboda.org.

Very truly yours,

Christine E. McKeeman
Executive Director & General Counsel

CEM/jt

cc: Bradley Gene Urrutia

Laura Popps
State Bar of Texas
PO Box 13287
Austin, TX 78711
(512) 427-1350
(877) 953-5535 toll free

Patrick Heaney
Appellant

V.

THE STATE OF TEXAS
Appellee

Exhibit "F"

## MOTION TO SUPPRESS EVIDENCE
## OBTAINED FROM AN ARREST WARRANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Patrick Heaney, Appellant pro se in the above-styled and numbered cause, and respectfully requests the Court to suppress and exclude from evidence in the above cause the following:

1) Any statements whether written or oral, which are purported to be made by the Appellant.

2) Any Results from any scientific tests, including but not limited to: fingerprints, blood or urine tests, or any other tests prepared in this case;

3) Any items seized as a result of Appellant's arrest; and any other item or information obtained as the result of the arrest and/or search of the Defendant by agents of the State of Texas, upon the grounds that his arrest was WITHOUT PROBABLE CAUSE and that the search and seizure was unreasonable and therefore, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and Art. 1, Section 9 of the Constitution of the State of Texas by reason of the following facts:

### I.

There was NO probable cause to arrest or even detain the Defendant the effect of an illegal seizure is the exclusion of the Evidence obtained from use in court against the person whose rights were violated.

### II.

The search was not conducted with the consent or permission of the Appellant. The Appellant shows that this arrest and search was administered on a faulty or bad arrest warrant. The Appellant was not competent to understand his legal rights and could not have voluntarily consented to any search or questioning by any police officer or his agent.

1 of 3

## III.

The Appellant shows that the search and seizure and the questioning of the appellant is this case was unreasonable, that such search and seizure and questioning of the Appellant is expressly prohibited by the 4th, 5th, 6th, and 14th Amendments to the Constitution of The United States and that admission of such matter in evidence will violate said Constitutional Provisions and Art. 38.22 and Art. 38.23 of The Code of Criminal Procedure of Texas.

## IV.

Said statements or evidence would not have been inevitably discovered absent said arrest and search; there was no independent source for their discovery; the Appellant was not competent and did not understand his legal rights; And said Agents acted in reckless disregard of the Appellant's Rights and NOT in Good Faith.

## V.

Good Faith does not apply if the magistrate or judge was misled by information in a affidavit that the affiant knew was false or would have known was false except for reckless disregard for the truth. At interview appellant was questioned which side of the bed he slept on. Appellant answered he did not sleep on the side of the bed w/ the lamp stand and drawer full of syringes. Affiant misled magistrate by omitting Dann Powell's Drug Use, Reliability, credibility, location consisting of Drug Use and Prostitution, her past and room traffic, track marks and being a prostitute; on affidavit FRANKS v. DELAWARE 438 U.S. 154 (1978). And therefore, under these circumstances And Reliability And time frame issues, not only was the warrant declared invalid when discovered, but also any evidence seized pursuant to the warrant would be ruled inadmissible.

WHEREFORE, PREMISES CONSIDERED, The Appellant prays that a hearing be had hereon And that upon hearing hereof that this court judicially find and determine, that said Arrest and search and seizure and questioning of the defendant was without probable cause and unreasonable and in violation of the 4. 5. 6 And 14 Amendments to the Constitution of the United States and Art. I sec. 9 of the Constitution of the State of Texas and Art. 38.22 and art 38.23 of the Code of Crim. Proc. of Texas And that the statements of The Appellant, if any, or substances seized for the appellant be suppressed and excluded from evidence in this cause and that the State of Texas and its Agent prosecuting this

cause be ordered to refrain from offering in evidence or producing in the presence of a jury on the trial of this case, said statements or substances or from asking any question of any said officers as to the existence of said statements or substances.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of November, 2015, a TRUE and CORRECT copy of the above and foregoing Motion to SUPPRESS EVIDENCE OBTAINED FROM AN ARREST WARRANT was forwarded to the office of the TRAVIS COUNTY DISTRICT ATTORNEY, P.O. Box 1748, Austin, Texas 78767

_____
Appellant - pro se

## UNSWORN DECLARATION

I, Patrick Heavey, # 1987843 being presently incarcerated in the Texas Department of Criminal Justice at The Dominguez Unit in Bexar County, Texas verify and declare under penalty of perjury that the foregoing is TRUE and CORRECT.

Executed on this 19th day of November in the year 2015.

_____
Declarant

## ORDER

On this the _____ day of _____ 2015, came on to be heard appellant's Motion to Suppress Evidence obtained from an Arrest Warrant and said motion is hereby:

____ GRANTED        /        ____ DENIED

signed on this the _____ day of _____ 2015.

_____

Patrick Heavey #1987843
Dominguez Unit
6535 Cagnon Rd.
San Antonio, Tx. 78252

August 14th, 2015

EXHIBIT - G

Ms. Velva L. Price
Travis County, District Clerk

RE: Court of Appeals No. 03-15-00470CR
Trial Court case No. DIDC-14-205206

Dear Ms. Price,

I have been informed by Ms. Liz Talerico, Deputy Clerk, court of Appeals that pursuant to Tex. R. App. P. 34.5(a) And 34.6(h) I, A pro se litigant need to Request to you the following items I need from the trial court clerk in order to perfect my Appeal.

> Defendant Required ALL pro se correspondence with the Clerk Regarding the following causes in the 403rd Judicial District Court:

DIDC-14-205206
DIDC-14-900226
DIDC-14-900227 } DISMISSED
DIDC-14-301810

> TO INCLUDE:

* : Defendant's Pro se Motion To DISMISS APPOINTED COUNSEL mailed on October 28th, 2014

* : Defendant's Pro se Motion to Grant Access to Courts 11/2014

: Appellant's Request for court Appointed Counsel

: NOTICE of APPEAL (BOTH)

: Police Incident Report 14-2470632

1 of 2

∴ Dismissal Forms ⟩ DIDC·14·301810
DIDC·14·900226
DIDC·14·900227

∴ ~~Motion for~~ RETURN OF SEIZED PROPERTY
∴ ~~Motion for~~ CREDIT TOWARD PECUNIARY FINES
~~And Costs~~

All ~~Pro~~ SE LITIGATION FILED BY DEFENDANT PRE &
POST CONVICTION.

* Defendant's Motion TO DISMISS APPOINTED COUNSEL
And MOTION TO GRANT ACCESS TO COURTS
both filed in the fall of 2014 are the
basis of Appellant's Appeal. These motions
were filed under Both DIDC·14·205206
And DIDC·14·301810 (Cause No.(s)

Please send foregoing to the following address
Patrick Heaney 1987843
6535 Cagnon Rd.
San Antonio, Tx. 78252

Thank You for your time,

(over)

Respectfully,

Patrick Heaney
Appellant - pro se

Arraignment 12-1-14 minutes
301810 affidavit supporting warrant
— "                                  warrant
— lab Report
— G. Comay
— G. Tralovetske
— D.A criminal record
— Discovery 301810 / 205206
— Pro se pre & post litigation


factually related

Jeffrey D. Kyle
Court of appeals, clerk

November 19th, 2015

Dear Mr. Kyle,                    Re: 03-15-00470-CR

Enclosed Please find Appellant's pro-se motion for Rehearing And supporting exhibits. (A Through G) Please file this motion and bring it to the attention of the court.

I also request that you notify me of the courts ruling on my motion at the address below.

Please E-mail the Travis County District Attorney a copy of the foregoing motion, in order to complete my certificate of service.

Sincerely,

Patrick Heavey — Appellant pro se

Patrick Heavey — 1987843
Dominguez Unit
6535 Cagnon Rd.
San Antonio, TX. 78252

: file

RECEIVED
NOV 3 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Patrick Heaney #1987843
Dominguez Unit
6535 Cagnon Rd.
San Antonio, Tx. 78252

Legal Mail-CR

The Honorable Jeffery D. Kyle
Court of Appeals, Clerk
Third District of Texas

P.o. Box 12547
Austin, Tx. 78711-2547

SAN ANTONIO TX 782 Z4D
MON 23 NOV 2015 PM
FOREVER USA